UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:_____

MACKINSON HYPPOLITE,
      Plaintiff,

vs.

UNIVERSAL PROTECTION SERVICE, LLC
a Foreign Limited Liability Company,

      Defendant.

_____/

## COMPLAINT

Plaintiff, MACKINSON HYPPOLITE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, UNIVERSAL PROTECTION SERVICE, LLC (UNIVERSAL) ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $75,000 excluding attorneys' fees or costs for discriminatory treatment and retaliation under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981").

2. At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff pleads entry into federal court his claims are based on federal law, specifically the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981").

4. The Southern District of Florida, is the proper venue under 28 U.S.C. §1391(b) and (c) because it embraces the County where the actions complained of herein occurred.

5.   Plaintiff was employed by Defendants, having its principal place of business in Miami Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto was and is engaged in interstate commerce.

6.   Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

7.   Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8.   Plaintiff started working for Defendant on or about March 2018 as a Rover.

9.   Plaintiff is a black African American male and, as such, is in a protected category and a covered employee for purposes of § 1981.

10. Throughout Plaintiff's employment with Defendant, Plaintiff was continually discriminated against on the basis of her race and color.

11. On or about November 2019, Plaintiff was wrongfully accused of stealing and also releasing a sex tape, which was not true.

12. Plaintiff was accused by his supervisor Keisha (LNU) and by his coworker Shantey.

13. Plaintiff's reputation and respected was severely damaged by these accusations. Other co-workers would constantly look at Plaintiff and say that he was under investigation.

14. Plaintiff was unaware of this supposed investigation going on so he asked his Loss Prevention Manager Daniel (LNU), and Daniel told Plaintiff that his name was never brought up in the previous meeting of the Loss Prevention.

15. Plaintiff was taken into the office to talk to manager Keisha about the sex tape and stealing claims. Plaintiff responded that these accusations were not true.

16. Plaintiff told Keisha that Shantey was just looking for reasons to get him fired.

17. Manager Keisha did not believe Plaintiff and tried to force him to write fake statement saying who was helping Plaintiff steal. Plaintiff refused to write anything because it was all a lie.

18. Manager Keisha told Plaintiff that he was suspended.

19. Plaintiff's manager from UNIVERSAL, Mr. Alvaro Severino (White Hispanic) told Plaintiff that he was accused of stealing, but there was no proof of these allegations.

20. Alvaro Severino terminated Defendants via text message.

21. Plaintiff was terminated on or about January 29, 2020.

22. Any reason proffered by Defendants for the adverse employment actions taken against Plaintiff is mere pretext for unlawful discrimination.

## COUNT I – RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 (against UNIVERSAL)

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

24. Plaintiff is a member of a protected class under § 1981.

25. By the conduct describe above, Defendants has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

26. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have

been the object of discrimination but for the fact that Plaintiff is Black.

27. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

28. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

29. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

30. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

31. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

32. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

33. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

34. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II – COLOR DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 (against UNIVERSAL)

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this

complaint as if set out in full herein.

36. Plaintiff is a member of a protected class under § 1981.

37. By the conduct describe above, Defendants has engaged in discrimination against Plaintiff because of Plaintiff's color and subjected the Plaintiff to color-based animosity.

38. Such discrimination was based upon the Plaintiff's color in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

39. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of color was unlawful but acted in reckless disregard of the law.

40. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

41. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

42. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

43. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

46. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT III – RETALIATION IN VIOLATION OF 42 U.S.C. § 1981 (against UNIVERSAL)

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

48. Plaintiff is a member of a protected class under § 1981.

49. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under § 1981.

50. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and its supervisory personnel were aware that discrimination on the basis of race and color was unlawful but acted in reckless disregard of the law.

51. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

52. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

53. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

54. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

55. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 7, 2021                                                     Respectfully submitted,

/s/ Max L. Horowitz
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005